IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   1:25-cr-353 (MAD) |
| | ) |
| **v.** | ) Government's Sentencing Memorandum |
| | ) |
| **MARK TREMBLAY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that, pursuant to the Rule 11(c)(1)(C) plea agreement entered into by the parties, *see* Dkt. 31 [Plea Agreement] at ¶ 3, the Court impose the agreed-upon disposition of a period of incarceration of 120 months to be followed by 15 years of supervised release. The government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a).

## I. INTRODUCTION AND FACTUAL BACKGROUND

On October 7, 2025, defendant pled guilty via a Rule 11(c)(1)(C) plea agreement to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). *See* Plea Agreement. The defendant is currently detained and is scheduled to be sentenced on February 6, 2026 before this Court.

As detailed in the factual basis of defendant's plea agreement, *see* Plea Agreement at ¶¶ 6(a)-(d), and the December 17, 2025 Presentence Investigation Report ("PSR"), *see* Dkt. 42 at ¶¶ 1-26, defendant admitted to producing and distributing two videos that depicted the lascivious exhibition of V1's genitals. *See* Plea Agreement at ¶ 6(b).

## II.  APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### a.  Statutory Maximum and Minimum Penalties

a. **Maximum Term of Imprisonment**: 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

b. **Mandatory Minimum Term of Imprisonment**: 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

c. **Supervised Release Term**:  In addition to imposing any other penalty, the sentencing our must require the defendant to serve a term of supervised release between five (5) years and life, to being after imprisonment.  *See* 18 U.S.C. § 3583(k).  A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

a. **Maximum Fine**:  $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

b. **Special Assessment**: The defendant will pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, for a total of $100.

c. **Restitution:** As detailed in the plea agreement, defendant is required to pay no less than $3,000 to the victim of his offense, regardless of whether they are named in the information or factual basis.  As of the date of this memorandum, no restitution request has been received by the victim.  *See* PSR at ¶ 95.

d. **Child Pornography Assessment**: As detailed in the plea agreement, *see* ¶ 1(f), in addition to any other penalty, restitution, or special assessment authorized by law, the Court shall assess not more than $35,000 on defendant's distribution of child pornography count.

e. **Required Registration for Sex Offenders**:  Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.  A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250 and face a penalty of up to ten years imprisonment.

b. **United States Sentencing Commission Guidelines Provisions and Forfeiture**

The Government adopts the determinations of the PSR that defendant's total offense level is 41 after acceptance of responsibility, *see* PSIR ¶¶ 30-43, his criminal history category is I, *see id*. at ¶¶ 44-52, and the resulting United States Sentencing Commission Guidelines ("U.S.S.G." or "Guidelines") imprisonment range is 324 to 405 months.  *See id*. at ¶ 82.  However, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed via plea agreement (*see* Plea Agreement at ¶ 3) that the sentence of 120 months of imprisonment, 15 years of supervised release, an order of restitution as described in the plea agreement, forfeiture of the Samsung phone, and a special assessment of $100 is the appropriate disposition of this case.  The amount of any fine or additional special assessment and Child Pornography assessment shall be determined by this Court after consulting various statutory factors cited in the Plea Agreement.  The departure from the applicable Guidelines range is justifiable under Guidelines section 6B1.2(c)(2).  In particular, the specified sentence is reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, he offense of conviction, and related relevant conduct.

### III.  GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the government respectfully requests the Court impose a period of incarceration of 120 months, to be followed by 15 years of supervised release.  As detailed in the plea agreement and PSR, defendant produced and distributed two child pornography videos involving a toddler.  Defendant has no recent criminal history, immediately accepted responsibility for his crimes, and has demonstrated remorse to the victim and others that he affected with his actions.  *See* PSR at ¶ 29.  The proposed sentence is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a).  In particular, the sentence would promote respect for the law, provide just punishment, and further both specific deterrence to defendant and general deterrence to others.

**Recommended Special Conditions of Supervision**

Based on an individualized assessment of defendant's conduct, as detailed in both the PSR and the Plea Agreement, all the recommended standard and special conditions of supervision (*see* PSR at pp. 22-26) should be imposed as they are reasonably related to the sentencing objectives. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

### IV.  CONCLUSION

For the reasons set forth above, the Government maintains that its recommended sentence is warranted, just, and not greater than necessary to accomplish the goals of sentencing.  *See* 18 U.S.C. § 3553(a).[1]

---

[1] The government reserves the right to respond to any PSR addendums, along with any defense arguments raised for the first time after the filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSR, the parties are entitled to notice and an opportunity to respond.  *See* Fed R. Crim. P. 32(h), (i)(1)(c).  Furthermore, the government respectfully requests that the Court provide the parties with any *ex parte* communications received

                              Respectfully submitted this 16th
day of January, 2026

/s/ _____
TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

By:    */s/ Allen J. Vickey*
      Allen J. Vickey
      Assistant United States Attorney
      Bar Roll No. 513696

## CERTIFICATE OF SERVICE

I hereby certify on January 16, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

                              */S/ Allen J. Vickey*

---

by the Court in connection with sentencing, except for the confidential sentencing recommendations submitted by the United States Probation Office.